Emil Hirsch
Carlton Fields, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007-5208
202-965-8100
202-965-8104 (fax)
ehirsch@carltonfields.com

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| 1716 R Street Flats LLC; | ) Case Nos. 23-00017 to 23-00028-ELG |
| The Z Flats L.L.C.; | ) |
| 1605 17th Street Flats LLC; | ) |
| 1601 17th Place Flats LLC; | ) Chapter 11 |
| 1609 17th Place Flats LLC; | ) (Jointly Administered under |
| The Lauravin Luxury Apartment | ) Case No. 23-00017-ELG) |
| Homes III L.L.C.; | ) |
| The Washingtonian L.L.C.; | ) Pleading relates to |
| 1616 27th Street Flats L.L.C.; | ) 4220 Ninth Street Flats LLC and |
| Lerae Towers II, LLC; | ) 4649 Hillside Road Flats, LLC |
| The Lerae Towers, LLC; | ) |
| 4220 Ninth Street Flats LLC; and | ) |
| 4649 Hillside Road Flats LLC, | ) |
| | ) |
| Debtors and Debtors in Possession. | ) |

DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY'S
OBJECTION TO THE CONFIRMATION OF THE SECOND AMENDED JOINT PLAN OF
REORGANIZATION OF
4220 NINTH STREET LLC AND 4649 HILLSIDE ROAD FLATS LLC

The District of Columbia Water & Sewer Authority ("DC Water"), a secured creditor, hereby objects to the confirmation of The Second Amended Plan of Reorganization of 4220 Ninth Street Flats, LLC ("Ninth Street") and 4649 Hillside Road Flats, LLC ("Hillside Road Flats")(collectively "Plan").  For reasons, DC Water states as follows:

1

133525606.4

1. DC Water is a sui juris authority of the District of Columbia. Its business is that of a utility provider of water, sanitary sewer, stormwater sewer and related services.

2. DC Water is a secured creditor of Ninth Street. It is the holder of a valid and perfected statutory lien which was duly recorded with the District of Columbia Recorder of Deeds on August 29, 2022, as Document No. 2022089990. A copy thereof is attached hereto as Exhibit A. The said lien is a continuing lien. See DC Code §34-2407.02(a)(2). The said statutory lien attached to said Debtors' real property and improvements thereon which are located at 4220 9th Street, S.E., Washington, D.C. Lot 0802, Square: 5924 ("Ninth Street Property").

3. DC Water is owed $11,456.82 for unpaid utility charges during the pre-petition period. Its timely filed Proof of Claim in this amount has not been objected to. A copy of said Proof of Claim is attached hereto as Exhibit B.

The Ninth Street Plan is objectionable for multiple reasons which include, but are not limited to, those set forth below:

    a. The Plan fails to classify DC Water's statutory lien claim in a separate class of its own. This is improper insofar as this statutory claim is of a different origin, nature, and priority as the other secured claims against Ninth Street, which are separately classified;

    b. The failure to classify DC Water's secured claim in a class of its own is highly prejudicial to DC Water in that it has the effect of potentially relegating this claim by sheer default to unsecured status in Class 1, which is impaired. It is slated to be paid on a pro rata basis only if "any amounts left over from the 4220 Reserve after payment of Administrative and Priority Tax Claims." Plan

133525606.4

      Article II(B)(f), p. 13. As a separately classified secured creditor, DC Water should receive payment in full because its statutory lien enjoys priority over all prior consensual liens and is inferior only to liens securing the payment of District of Columbia taxes. See D.C. Code § 34-2407.02(b).

c. D.C. Water's voting rights as a separately classified impaired creditor are being abrogated by the Plan. Insofar as DC Water's secured claim is not expressly dealt with under the Plan, and DC Water is not slated to receive any payments thereunder, its lien claim must be deemed to be impaired per se;

d. The failure to accord DC Water's statutory lien separate classification and separate impaired treatment also violates the best interests test of 11 U.S.C. §1129(a)(7)(ii) in that a Chapter 7 liquidation, DC's secured claim would be paid in full by virtue of its elevated priority status. See D.C. Code sec. 34-2407.02(b). However, impairment thereof which results in less favorable payment to DC Water compares negatively with its treatment in a hypothetical Chapter 7 case;

e. The Plan is not fair and equitable to DC Water. As a separately classified secured creditor, DC Water is statutorily entitled to fair and equitable treatment under any one of the three variants provided for in 11 U.S.C. §1129(2)A(i)-(iii). Because the Plan provides no treatment of and makes no provision for DC Water's fully secured lien claim in the Ninth Street Property, the proposed Plan is ipso facto violative of the fair and equitable test; and

f. The Plan also fails to pass muster under §1129(b) in that, it discriminates unfairly against DC Water's oversecured lien claim, if DC Water were to be

3

133525606.4

separately classified. By making no provision for lien retention to DC Water, let alone for payment of secured claim in cash payments, the Plan manifestly discriminates unfairly against this secured claim, in comparison with all other secured claims which enjoy lien retention until payment in full pursuant to the Plan.

7. Due to the proposed failure to provide treatment of DC Water's lien claim under the Plan, it cannot be confirmed without violating DC Water's constitutional right under the Takings Clause of the 5th Amendment. Specifically, to the extent the Plan effectuates lien stripping while not paying DC Water's lien claim, it effectuates a taking of property without just compensation.

For all of these reasons, the Plan should not be confirmed.[1]

Dated: August 24, 2023                    Respectfully submitted,

/s/ Emil Hirsch
Emil Hirsch (D.C. Bar No. 930479)
CARLTON FIELDS, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007
Tel: (202) 965-8100
Fax: (202) 965-8104
ehirsch@carltonfields.com

*Attorney for District of Columbia Water and Sewer Authority*

---

[1] The Plan may be confirmed, in the event the Debtors consent to the entry, if a confirmation order which provides for the full payment thereof at closing on a sale of the Ninth Street Property. Of necessity, such confirmation order would have to also contain a provision stating that as to any inconsistency between the Plan and the confirmation order, the latter prevails.

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of August, 2023, a copy of the foregoing was served via CM/ECF to all parties receiving notice thereby.

                                      /s/Emil Hirsch
                                      Emil Hirsch

133525606.4