The order below is hereby signed.

Signed: September 6 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: )<br><br>   1716 R Street Flats LLC;<br>   The Z Flats L.L.C.;<br>   1605 17th Street Flats LLC;<br>   1601 17th Place Flats LLC;<br>   1609 17th Place Flats LLC;<br>   The Lauravin Luxury Apt. Homes III L.L.C.;<br>   The Washingtonian L.L.C.;<br>   1616 27th Street Flats L.L.C.;<br>   Lerae Towers II, LLC;<br>   The Lerae Towers, LLC;<br>   4220 Ninth Street Flats LLC;<br>   4649 Hillside Road Flats LLC,<br><br>   Debtors and Debtors in Possession | )<br>)<br>) Case Nos. 23-00017 to 23-00028-ELG<br>)<br>)<br>) Chapter 11<br>) (Jointly Administered under<br>) Case No. 23-00017-ELG)<br>)<br>) Pleading relates to Lerae Towers II,<br>) LLC and The Lerae Towers, LLC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER CONFIRMING
## LERAE TOWERS II, LLC; AND THE LERAE TOWERS, LLC'S
## THIRD AMENDED JOINT PLAN OF REORGANIZATION

This matter came before the Court on the hearing on confirmation of Lerae Towers II, LLC

and The Lerae Towers, LLC's Third Amended Joint Plan of Reorganization dated July 24, 2023

(together with the exhibits thereto, as amended, the "Plan") filed by Lerae Towers II, LLC and The Lerae Towers, LLC (each a "Debtor," and collectively, the "Debtors"). After consideration of the Plan and any objections filed thereto and based on the record of the Confirmation Hearing[1], after due deliberation, and sufficient cause appearing, this Court hereby confirms the Plan, makes the following findings of fact and conclusions of law, and based thereon issues the following order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    Jurisdiction and Venue.  The Court has jurisdiction over this proceeding and confirmation of the Plan pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), and (O), and the Court likewise has jurisdiction to enter a Final Order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code").  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Notice.  The Debtors satisfied all notice and hearing requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Bankruptcy Court and the orders entered by the Bankruptcy Court in the Chapter 11 Cases for approval of the sale, refinance, or other conveyance of substantially all of the Debtors' assets (collectively, the "Assets"), including but not limited to the sale of that certain real property located at 1241 Raum Street, NE, Washington DC 20002, Lot 0214, Square 4055, and all improvements thereon ("LeRae II Property") and the refinance of 537 Peabody Street, NW, Washington, DC 20011, Lot 0100, Square 3201, and all improvements thereon (the "LeRae Property," and collectively with the LeRae II Property, the "Properties") as sought in the Plan.  No other or further notice of the proposed transfer or refinance, or of the entry of this Order is necessary or shall be required,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

except as relates to the notice to the tenants of the Lerae II Property.

C.  Petition Date. On January 16, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Confirmation of the Plan**

D.  Plan Compliance with Bankruptcy Code - § 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code.

E.  Debtors' Compliance with Bankruptcy Code - § 1129(a)(2). The Debtors have complied with the applicable provisions of the Bankruptcy Code.

F.  Plan Proposed In Good Faith - § 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law. The Debtors are entitled to a presumption of good faith pursuant to Bankruptcy Rule 3020(b)(2).

G.  Payments for Services or Costs and Expenses - § 1129(a)(4). Any payment made or to be made in connection with these cases, or in connection with the Plan, has been approved by the Court as reasonable, or will be subject to such approval by the Court.

H.  Service of Certain Individuals - § 1129(a)(5). Section 1129(a)(5) of the Bankruptcy Code requires that (a) the plan proponent disclose the identity and affiliations of the proposed officers and directors of the debtor after confirmation, (b) the appointment or continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) there be disclosure of the identity and compensation of any insiders to be

retained or employed by the reorganized debtor. The Plan discloses all such information.

I.      Rate Changes - § 1129(a)(6). Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

J.      Best Interest of Creditors - § 1129(a)(7). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code because each Holder of an Allowed Claim is receiving at least what such creditor would receive in a Chapter 7 proceeding.

K.      Acceptance by Certain Classes - § 1129(a)(8). Under the Plan, all impaired classes have accepted the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

L.      Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims - § 1129(a)(9). The treatment of Administrative Claims, Priority Tax Claims, and Non-Tax Priority Claims pursuant to Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

M.      Acceptance by Impaired Class of Claims - § 1129(a)(10). Under the Plan, all impaired classes have accepted the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

N.      Feasibility - § 1129(a)(11). The Plan is feasible. The confirmation of the Plan is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtors or a successor beyond the liquidation provided for in the Plan. Accordingly, the requirements of section 1129(a)(11) of the Bankruptcy Code are satisfied.

O.      Payment of Fees - § 1129(a)(12). The Plan provides that (i) on the Effective Date, the Debtors will pay all U.S. Trustee Fees that are due and owing on the Effective Date and (ii)

following the Effective Date, the Debtors will pay all quarterly fees to the Office of the U.S. Trustee that are required by applicable law until the case is closed. Accordingly, the requirements of section 1129(a)(12) of the Bankruptcy Code are satisfied.

P.  <u>Continuation of Retiree Benefits - § 1129(a)(13)</u>. The Debtors are not obligated to provide retiree benefits, and as a result, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

Q.  <u>Non-Applicability of Certain Sections (§§ 1129(a)(14) and (15))</u>. Sections 1129(a)(14) and 1129(a)(15) of the Bankruptcy Code do not apply to the Debtors' chapter 11 cases. The Debtors owe no domestic support obligations, and are not individuals.

R.  <u>Transfers in Accordance with Non-Bankruptcy Law - § 1129(a)(16)</u>. The Debtors are for-profit entities. Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

S.  <u>No Unfair Discrimination; Fair and Equitable - § 1129(b)</u>. Because the Plan satisfies all of the requirements of section 1129(a) of the Bankruptcy Code, a determination regarding whether the Plan is confirmable pursuant to section 1129(b) is not necessary.

T.  <u>Only One Plan - § 1129(c)</u>. This is the only plan confirmed by the Court in this proceeding and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to the Plan.

U.  <u>Principal Purpose of Plan - § 1129(d)</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

V.  <u>Not Small Business Case - § 1129(e)</u>. This case is not a small business case and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

W.  <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, all other pleadings, documents, declarations, and exhibits filed in connection with confirmation of the Plan, and all

arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

X.  **Implementation**.  All documents and agreements necessary to implement the Plan, including, but not limited to the refinance of the LeRae Property ("LeRae Refinance"), and the conveyance of the LeRae II Property, are essential elements of the Plan and have been negotiated in good faith and at arm's length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtors, the estates, and the Holders of Allowed Claims or Interests and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state, or local law.  The Debtors are authorized, without any further notice to, or action, order, or approval of, the Court, to finalize, execute, and deliver all agreements, documents, instruments, and certificates relating to the Plan and to perform its obligations under such agreements, documents, instruments, and certificates in accordance with the Plan.

Y.  **Transfers by the Debtors**.  All transfers of property of each of the Debtors' estates shall be free and clear of all liens, claims, charges, interests, and other encumbrances, in accordance with applicable law, except as expressly provided in the Plan or this Order.

Z.  **Exemption from Taxation**.  The making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the transfer of the LeRae II Property, and any deed of trust evidencing any loan obtained to refinance the LeRae Property, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax,

Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the transfer of the Properties, in accordance with section 1146(a) of the Bankruptcy Code.  The above listed transfers include, but are not limited to, all transactions necessary to effectuate the Lerae Refinance, and the conveyance of the Lerae II Property.

AA. <u>Best Interest</u>.  The LeRae Refinance, and the conveyance of the LeRae II Property, are essential elements of the Plan and entry into and consummation of the transactions contemplated by the documents that comprise the LeRae Refinance and the conveyance of the LeRae II Property are in the best interest of the Debtors, the estates, and the Holders of Allowed Claims and Interests.

BB. <u>Retention of Jurisdiction</u>.  The Court may properly retain jurisdiction over any matter arising under the Bankruptcy Code, or arising in, or related to, this proceeding or the Plan, after confirmation thereof and after the Effective Date, as provided in Article X of the Plan.

CC. Pursuant to sections 1123(5)(D) and 1141(c) of the Bankruptcy Code, the conveyance of the Lerae II Property is approved free and clear of any and all liens, claims, encumbrances and other interests, other than the leases of tenants, in accordance with, and subject to, the terms and conditions contained in the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the conveyance of the LeRae II Property (the "Lerae II Transfer Documents").

DD. Pursuant to sections 1123(5)(D) and 1141(c) of the Bankruptcy Code, the LeRae Refinance is approved, in accordance with, and subject to, the terms and conditions contained in the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the refinance of the LeRae Property (the "Lerae Transfer Documents," and collectively with the LeRae II Transfer Documents, the "Transfer Documents").

EE. The Debtors have full power and authority to execute the Transfer Documents. The transfer or refinance of the Assets has been duly and validly authorized by all necessary authority for the Debtors to consummate the transfer or refinance of the Assets. No additional consents or approvals are required by the Debtors to consummate the transactions contemplated under the Plan and the Transfer Documents.

FF. The Debtors have advanced sound business reasons for entering into the LeRae Refinance, and the conveyance of the LeRae II Property, and it is a reasonable exercise of the Debtors' business judgment to consummate the transactions contemplated thereby. Notwithstanding any requirement for approval or consent by any person, the transfer or refinance of the Assets is a legal, valid and effective transfer or refinance of the Assets.

GG. The terms and conditions of the LeRae Refinance, and the conveyance of the LeRae II Property, including the consideration to be realized by the Debtors, are fair and reasonable, the transactions contemplated by the Plan are in the best interests of the Debtors' estates and the consideration to be realized by the Debtors constitutes reasonably equivalent value.

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:

1. <u>Findings of Fact and Conclusions of Law</u>. The findings of fact and conclusions of law set forth herein or incorporated herein by reference, and the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent that any of the prior findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Confirmation</u>. All requirements for the confirmation of the Plan have been satisfied. Accordingly, the Plan, in its entirety, is CONFIRMED pursuant to section 1129 of the Bankruptcy Code. Each of the terms and conditions of the Plan and the exhibits thereto, and any amendments, modifications, and supplements thereto, and any amendments set forth in this Order, are an integral part of the Plan and are incorporated by reference into this Order. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. <u>Objections to Plan</u>. All parties have had a fair opportunity to litigate all issues raised by any objections to the Plan, or which might have been raised, and the objections have been fully and fairly litigated. All objections, responses, statements, reservation of rights, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety, waived, settled, or resolved prior to the Confirmation Hearing, or otherwise resolved on the record of the Confirmation Hearing and/or herein, are hereby overruled for the reasons stated on the record.

4. <u>Binding Order re Plan</u>. The provisions of the Plan, and this Order are now, and forever afterwards, binding on the Debtors, all creditors of the Debtors, all insiders of the Debtors, and any other parties-in-interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of any such persons.

5. <u>Approval of Transfers</u>. The LeRae Refinance and the conveyance of the LeRae II Property are approved and the Debtors are authorized and directed to transfer the LeRae II Property

free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interest transferring to and attaching to the proceeds of such transfer in the same priority as they attached to the LeRae II Property. Notwithstanding the foregoing, the Debtors may file motions to approve the transfer and LeRae Refinance, if necessary.

6.      Surrender of Assets to Transferees. All persons or entities, presently or on/after the Effective Date, in possession of some or all of the Assets are directed to surrender possession of the Assets to the respective transferee at such time thereafter as the transferees may request upon the closing of the transfer of the Lerae II Property or consummation of the LeRae Refinance in accordance with the terms of the Plan. Any lien of WCP Fund I LLC in its Capacity as Servicer for SF NU, LLC on the LeRae Property shall be deemed reduced to $325,000 pursuant to terms of the Plan upon entry of this order.

7.      Disbursing Agent. Counsel for the Debtors will serve as a disbursing agent for the proceeds of any transfer, including carveouts, and as such, shall collect such proceeds as a fiduciary. However, the scope of such fiduciary duties shall be limited exclusively to distributing the funds to the Holders of Allowed Claims or Interests in accordance with the Plan.

8.      Authority to Execute Documents in Connection with Transfers. The Debtors shall have the authority and are directed to execute all Transfer Documents in connection with the refinance or conveyance of the Assets, including, but not limited to, deeds to convey the entire LeRae II Property and to accomplish the LeRae Refinance.

9.      Binding Order re Transfers. This Order and the Transfer Documents shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtors and the transferees, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee

appointed in any chapter 7 case if these cases are converted from chapter 11, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets.

10.  Jurisdiction re Transfers.  This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Transfer Documents in all respects and to decide any disputes concerning this Order and the Transfer Documents, or the rights and duties of the parties thereunder or any issues relating to the Transfer Documents and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer or refinance of the Assets free and clear of all liens, claims, encumbrances and interests or the attachment of such liens, claims, encumbrances and interests to the transfer proceeds.

11.  Debtors' Authority to Transfer.  The Debtors are hereby authorized and directed: (i) to sell or otherwise convey the LeRae II Property to the proposed transferees upon the terms and conditions set forth herein, in the Plan; (ii) grant deed of trust to implement the Lerae Refinance; (iii) to take any and all actions necessary or appropriate to consummate the transfer or refinance of the Assets to the transferees, including the closing of the transactions, in accordance with the Transfer Documents, the Plan, and this Order; (iv) to perform, consummate, implement and close fully the transfers or refinance of the Assets; and (v) to take all further actions as may be necessary or appropriate to the performance of the transfer or refinance of the Assets as

contemplated by this Order, the Transfer Documents, and the Plan.

12. <u>Transfer Free and Clear</u>.  The LeRae II Property shall be, and is hereby deemed to be, transferred, sold and delivered to the transferees free and clear of all liens, claims, defenses, encumbrances, and other interests, other than tenant leases, pursuant to section 1129 of the Bankruptcy Code and The LeRae Towers II, LLC is directed to execute such Transfer Documents as are necessary to transfer the LeRae II Property, including bills of sale, title transfer documents, deeds, and assignments.  This provision of the Order shall be self-executing and notwithstanding the failure of the Debtors or any other party to execute, file or obtain releases, termination statements, consents or other instruments to consummate or implement the provisions hereof or the Transfer Documents, all liens, claims, interests and encumbrances of any kind or nature in or against the LeRae II Property transferred, sold or assigned shall be deemed released.  This Order is and shall be effective as a determination that, upon the transfer of the LeRae II Property, all liens, claims, encumbrances, defenses and other interests existing in and to the LeRae II Property have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, and that the sale and conveyances described herein have been made free and clear of all such liens, claims, encumbrances, defenses, and interests, with such liens, claims, encumbrances, and interests to attach to the proceeds of the transfers.

13. <u>Executory Contracts and Unexpired Leases</u>.  With regard to the The Lerae Towers, LLC, the Executory Contracts and Unexpired Leases set forth in Exhibit B to the Plan are, pursuant to 11 U.S.C. § 365, deemed assumed under the Plan, subject to the Effective Date.  No cure or adequate assurance is required. LeRae Towers II, LLC shall file a motion to assume and assign its leases by separate motion.  All other executory contracts of the Debtors are hereby deemed rejected.  Nothing herein shall affect the right of the tenants of LeRae Towers II, LLC to object to

the assumption and assignment of their leases.

14. <u>Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, the making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the refinance of the LeRae Property and the conveyance of the LeRae II Property, and any deed of trust evidencing any loan obtained to transfer any interest in the Properties, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the transfer, sale or refinance of the Properties or any deeds of trust thereon.

15. <u>Jurisdiction re Case</u>. The Court shall retain jurisdiction over this case to the extent provided for in the Plan.

16. <u>Effectiveness of this Order</u>. Any stay of this Order including, but not limited to, approval of the transfer or refinance of the Assets provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 4001(a)(3), 6004(h), and 6006(d)) whether for fourteen (14) days or otherwise, is waived so that this Order shall be effective and enforceable immediately upon its entry by the Court.

17. <u>Accounting.</u> Within two days of the entry of this order, Richard Cunningham shall deposit $2,359.31 from his personal funds back into the accounts of The LeRae Towers II, LLC. Within 14 days of the entry of this Order, LeRae Towers II, LLC shall provide to the Office of the United States Trustee and counsel for WCP Fund I LLC an accounting of all money spent from

the date it obtained its first tenant through and including the date of the entry of this Order. All parties reserve all rights with regard the appropriate remedy after review of such accounting, including but not limited to depositing funds to reimburse for any items at issue and conversion of the case to Chapter 7, if such funds are not reimbursed.

18. **Injunction:** **All injunctions or stays provided for in the Debtors' chapter 11 cases pursuant to §§ 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will , except as otherwise provided by the Plan, remain in full force and effect until the Effective Date.**

**FROM AND AFTER THE EFFECTIVE DATE ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS ARE, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE DEBTORS, THEIR ESTATES, OR ANY OF THEIR PROPERTY ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS: (A) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE; (D) ASSERTING A SETOFF, RIGHT OF SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE TO THE DEBTORS, EXCEPT AS SET FORTH IN ARTICLE V.G. OF THIS PLAN; AND (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN; PROVIDED, HOWEVER, THAT NOTHING CONTAINED HEREIN SHALL PRECLUDE SUCH ENTITIES FROM EXERCISING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THIS PLAN OR THE CONFIRMATION ORDER.**

For the avoidance of doubt, and notwithstanding any other provision contained in the Plan or the Confirmation Order, nothing in the Plan or the Confirmation Order shall release or enjoin the prosecution of any claims or Causes of Action by the Debtors or the Estates, except as otherwise provided by the Plan.

**WE ASK FOR THIS**:

/s/ *Justin P. Fasano*
Janet M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Debtors*
**SEEN AND AGREED**

/s/ Maurice Verstandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
mac@mbvesq.com
Counsel for WCP Fund I LLC in its Capacity as Servicer for SF NU, LLC

/s/ Eric S. Schuster
Eric S. Schuster, Bar No. 413553
FUNK & BOLTON, P.A.
100 Light Street, Suite 1400
Baltimore, Maryland 21202
410.659.4983 (telephone)
 410.659.7773 (facsimile)
eschuster@fblaw.com
Counsel for MainStreet Bank

**SEEN AND NO OBJECTION**

/s/ Michael T. Freeman
Michael T. Freeman
Assistant U.S. Trustee
Office of the United States Trustee
 1725 Duke Street, Suite 650
 Alexandria, Virginia 22314
 Direct: (703) 557-7274
Mobile: (202) 934-4174
Michael.T.Freeman@usdoj.gov:

Copies to:

All entities on the Court's mailing list.