The order below is hereby signed.

Signed: September 11 2023



**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA**

In re:

1716 R Street Flats LLC;
The Z Flats L.L.C.;
1605 17th Street Flats LLC;
1601 17th Place Flats LLC;
1609 17th Place Flats LLC;
The Lauravin Luxury Apt. Homes III L.L.C.;
The Washingtonian L.L.C.;
1616 27th Street Flats L.L.C.;
Lerae Towers II, LLC;
The Lerae Towers, LLC;
4220 Ninth Street Flats LLC;
4649 Hillside Road Flats LLC,

Debtors and Debtors in Possession

_Elizabeth L. Gunn_
U.S. Bankruptcy Judge

)  17 to 23-00028-ELG
)
)  Chapter 11
)  (Jointly Administered under
)  Case No. 23-00017-ELG)
)
)  Pleading relates to The Washingtonian
)  L.L.C. and 1616 27th Street Flats
)  L.L.C.
)
)
)
)
)
)
)
)
)

**ORDER CONFIRMING
THE WASHINGTONIAN L.L.C. AND 1616 27TH STREET FLATS L.L.C..'S
THIRD AMENDED JOINT PLAN OF REORGANIZATION**

This matter came before the Court on the hearing on confirmation of the The Washingtonian L.L.C. and 1616 27th Street Flats L.L.C.s Third Amended Joint Plan of Liquidation dated July 24, 2023 (together with the exhibits thereto, as amended, the "Plan") filed by The Washingtonian L.L.C. and 1616 27th Street Flats L.L.C. (each a "Debtor," and collectively, the "Debtors"). After consideration of the Plan and any objections filed thereto and based on the record of the Confirmation Hearing[1], after due deliberation, and sufficient cause appearing, this Court hereby confirms the Plan, makes the following findings of fact and conclusions of law, and based thereon issues the following order.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this proceeding and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), and (O), and the Court likewise has jurisdiction to enter a Final Order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors satisfied all notice and hearing requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Bankruptcy Court and the orders entered by the Bankruptcy Court in the Chapter 11 Cases for approval of the sale, refinance, or other conveyance of substantially all of the Debtors' assets (collectively, the "<u>Assets</u>"), including but not limited to the sale of that certain real property located at 319 3rd Street, SE Washington DC 20003, Lot 0016, Square 0763, and all improvements thereon ("<u>319 Property</u>") and the refinance of 1616 27th Street, SE Washington, DC 20020, Lot 0002, Square 5585, and all improvements thereon (the "<u>1616 Property</u>," and collectively with the 319 Property, the "<u>Properties</u>") as sought in the Plan. No other or further notice of the proposed transfer or refinance, or of the entry of this Order is necessary or shall be required.

C. <u>Petition Date</u>. On January 16, 2023 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Confirmation of the Plan**

D. <u>Plan Compliance with Bankruptcy Code - § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code.

2

E.     <u>Debtors' Compliance with Bankruptcy Code - § 1129(a)(2)</u>.  The Debtors have complied with the applicable provisions of the Bankruptcy Code.

F.     <u>Plan Proposed In Good Faith - § 1129(a)(3)</u>.  The Plan has been proposed in good faith and not by any means forbidden by law.  The Debtors are entitled to a presumption of good faith pursuant to Bankruptcy Rule 3020(b)(2).

G.     <u>Payments for Services or Costs and Expenses - § 1129(a)(4)</u>.  Any payment made or to be made in connection with these cases, or in connection with the Plan, has been approved by the Court as reasonable, or will be subject to such approval by the Court.

H.     <u>Service of Certain Individuals - § 1129(a)(5)</u>. Section 1129(a)(5) of the Bankruptcy Code requires that (a) the plan proponent disclose the identity and affiliations of the proposed officers and directors of the debtor after confirmation, (b) the appointment or continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) there be disclosure of the identity and compensation of any insiders to be retained or employed by the reorganized debtor.

I.     <u>Rate Changes - § 1129(a)(6)</u>.  Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

J.     <u>Best Interest of Creditors - § 1129(a)(7)</u>.  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code because each Holder of an Allowed Claim is receiving at least what such creditor would receive in a Chapter 7 proceeding.

K.     <u>Acceptance by Certain Classes - § 1129(a)(8)</u>.  Under the Plan, all impaired classes have accepted the Plan.  Accordingly, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

L. <u>Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims - § 1129(a)(9)</u>. The treatment of Administrative Claims, Priority Tax Claims, and Non-Tax Priority Claims pursuant to Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

M. <u>Acceptance by Impaired Class of Claims - § 1129(a)(10)</u>. Under the Plan, all impaired classes have accepted the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

N. <u>Feasibility - § 1129(a)(11)</u>. The Plan is feasible. The confirmation of the Plan is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtors or a successor beyond the liquidation provided for in the Plan. Accordingly, the requirements of section 1129(a)(11) of the Bankruptcy Code are satisfied.

O. <u>Payment of Fees - § 1129(a)(12)</u>. The Plan provides that (i) on the Effective Date, the Debtors will pay all U.S. Trustee Fees that are due and owing on the Effective Date and (ii) following the Effective Date, the Debtors will pay all quarterly fees to the Office of the U.S. Trustee that are required by applicable law until the case is closed. Accordingly, the requirements of section 1129(a)(12) of the Bankruptcy Code are satisfied.

P. <u>Continuation of Retiree Benefits - § 1129(a)(13)</u>. The Debtors are not obligated to provide retiree benefits, and as a result, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

Q. <u>Non-Applicability of Certain Sections (§§ 1129(a)(14) and (15))</u>. Sections 1129(a)(14) and 1129(a)(15) of the Bankruptcy Code do not apply to the Debtors' chapter 11 cases. The Debtors owe no domestic support obligations, and are not individuals.

R. <u>Transfers in Accordance with Non-Bankruptcy Law - § 1129(a)(16)</u>. The Debtors are for-profit entities. Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

S. <u>No Unfair Discrimination; Fair and Equitable - § 1129(b)</u>. Because the Plan satisfies all of the requirements of section 1129(a) of the Bankruptcy Code, a determination regarding whether the Plan is confirmable pursuant to section 1129(b) is not necessary.

T. <u>Only One Plan - § 1129(c)</u>. This is the only plan confirmed by the Court in this proceeding and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to the Plan.

U. <u>Principal Purpose of Plan - § 1129(d)</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

V. <u>Not Small Business Case - § 1129(e)</u>. This case is not a small business case and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

W. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, all other pleadings, documents, declarations, and exhibits filed in connection with confirmation of the Plan, and all arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

X. <u>Implementation</u>. All documents and agreements necessary to implement the Plan, including, but not limited to, the 1616 Refinance, and the conveyance of the 319 Property, are essential elements of the Plan and have been negotiated in good faith and at arm's length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtors, the estates, and the Holders of Allowed Claims or Interests and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state, or local law. The Debtors are authorized,

without any further notice to, or action, order, or approval of, the Court, to finalize, execute, and deliver all agreements, documents, instruments, and certificates relating to the Plan and to perform its obligations under such agreements, documents, instruments, and certificates in accordance with the Plan.

Y. <u>Transfers by the Debtors</u>.  All transfers of property of each of the Debtors' estates shall be free and clear of all liens, claims, charges, interests, and other encumbrances, in accordance with applicable law, except as expressly provided in the Plan or this Order.

Z. <u>Exemption from Taxation</u>.  The making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the transfer of the 319 Property, and any deed of trust evidencing any loan obtained to refinance the 1616 Property, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the transfer of the Properties, in accordance with section 1146(a) of the Bankruptcy Code.  The above listed transfers include, but are not limited to, all transactions necessary to effectuate the 1616 Refinance, and the conveyance of the 319 Property.

AA. <u>Transfers</u>.  The 1616 Refinance, and the conveyance of the 319 Property, are essential elements of the Plan and entry into and consummation of the transactions contemplated by the documents that comprise the 1616 Refinance and the conveyance of the 319 Property are in the best interest of the Debtors, the estates, and the Holders of Allowed Claims and Interests.

BB.     <u>Retention of Jurisdiction</u>.  The Court may properly retain jurisdiction over any matter arising under the Bankruptcy Code, or arising in, or related to, this proceeding or the Plan, after confirmation thereof and after the Effective Date, as provided in Article X of the Plan.

CC.     Pursuant to sections 1123(5)(D) and 1141(c) of the Bankruptcy Code, the conveyance of the 319 Property is free and clear of any and all liens, claims, encumbrances and other interests, in accordance with, and subject to, the terms and conditions contained in the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the conveyance of the 319 Property (the "Transfer Documents").

DD.     Pursuant to sections 1123(5)(D) and 1141(c) of the Bankruptcy Code, the 1616 Refinance is approved, in accordance with, and subject to, the terms and conditions contained in the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the refinance of the 1616 Property (the "1616 Transfer Documents," and collectively with the 1616 Transfer Documents, the "Transfer Documents").

EE.     The Debtors have full power and authority to execute the Transfer Documents.  The transfer of the Assets has been duly and validly authorized by all necessary authority for the Debtors to consummate the transfer of the Assets.  No additional consents or approvals are required by the Debtors to consummate the transactions contemplated under the Plan and the Transfer Documents.

FF.     The Debtors have advanced sound business reasons for entering into the 1616 Refinance, and the conveyance of the 319 Property, and it is a reasonable exercise of the Debtors' business judgment to consummate the transactions contemplated thereby.  Notwithstanding any requirement for approval or consent by any person, the transfer of the Assets is a legal, valid and effective transfer of the Assets.

GG. The terms and conditions of the 1616 Refinance, and the conveyance of the 319 Property, including the consideration to be realized by the Debtors, are fair and reasonable, the transactions contemplated by the Plan are in the best interests of the Debtors' estates and the consideration to be realized by the Debtors constitutes reasonably equivalent value for the Assets.

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:

1. <u>Findings of Fact and Conclusions of Law</u>. The findings of fact and conclusions of law set forth herein or incorporated herein by reference, and the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent that any of the prior findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Confirmation</u>. All requirements for the confirmation of the Plan have been satisfied. Accordingly, the Plan, in its entirety, is CONFIRMED pursuant to section 1129 of the Bankruptcy Code. Each of the terms and conditions of the Plan and the exhibits thereto, and any amendments, modifications, and supplements thereto, and any amendments set forth in this Order, are an integral part of the Plan and are incorporated by reference into this Order. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. <u>Objections to Plan</u>.  All parties have had a fair opportunity to litigate all issues raised by any objections to the Plan, or which might have been raised, and the objections have been fully and fairly litigated.  All objections, responses, statements, reservation of rights, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety, waived, settled, or resolved prior to the Confirmation Hearing, or otherwise resolved on the record of the Confirmation Hearing and/or herein, are hereby overruled for the reasons stated on the record.

4. <u>Binding Order re Plan</u>.  The provisions of the Plan, and this Order are now, and forever afterwards, binding on the Debtors, all creditors of the Debtors, all insiders of the Debtors, and any other parties-in-interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of any such persons.

5. <u>Approval of Transfers</u>.  The 1616 Refinance and the conveyance of the 319 Property are approved and the Debtors are authorized and directed to transfer the 319 Property free and clear of all liens, claims, encumbrances and interests., with such liens, claims, encumbrances and interest transferring to and attaching to the proceeds of such transfer in the same priority as they attached to the 319 Property.  Notwithstanding the foregoing, the Debtors may file motions to approve the refinance and conveyances, if necessary.

6. <u>Surrender of Assets to Transferees</u>.  All persons or entities, presently or on/after the Effective Date, in possession of some or all of the Assets are directed to surrender possession of the Assets to the respective transferee at such time thereafter as the

transferees may request upon the closing of the transfer of the 319 Property or consummation of the 1616 Refinance in accordance with the terms of the Plan. Any lien of DP Capital LLC shall be deemed released upon entry of this order.

7. <u>Disbursing Agent</u>. Counsel for the Debtors will serve as a disbursing agent for the proceeds of sale, including carveouts, and as such, shall collect such proceeds as a fiduciary. However, the scope of such fiduciary duties shall be limited exclusively to distributing the funds to the Holders of Allowed Claims or Interests in accordance with the Plan.

8. <u>Authority to Execute Documents in Connection with Transfers</u>. The Debtors shall have the authority and are directed to execute all Transfer Documents in connection with the refinance or conveyance of the Assets, including, but not limited to, deeds to convey the entire 319 Property and deeds of trust to refinance the 1616 Property.

9. <u>Binding Order re Transfers</u>. This Order and the Transfer Documents shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtors and the transferees, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in any chapter 7 case if these cases are converted from chapter 11, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets.

10. <u>Jurisdiction re Transfers</u>. This Court shall retain exclusive jurisdiction to

10

enforce the terms and provisions of this Order and the Transfer Documents in all respects and to decide any disputes concerning this Order and the Transfer Documents, or the rights and duties of the parties thereunder or any issues relating to the Transfer Documents and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all liens, claims, encumbrances and interests or the attachment of such liens, claims, encumbrances and interests to the transfer proceeds.

11. <u>Debtors' Authority to Transfer</u>. The Debtors are hereby authorized and directed: (i) to sell or otherwise convey the 319 Property to the proposed transferees upon the terms and conditions set forth herein, in in the Plan; (ii) grant deeds of trust to implement the 1616 Refinance; (iii) to take any and all actions necessary or appropriate to consummate the transfer or refinance of the Assets to the transferees, including the closing of the transactions, in accordance with the Transfer Documents, the Plan, and this Order; (iv) to perform, consummate, implement and close fully the transfers or refinance of the Assets; and (v) to take all further actions as may be necessary or appropriate to the performance of the transfer or refinance of the Assets as contemplated by this Order, the Transfer Documents, and the Plan.

12. <u>Transfer Free and Clear</u>. The 319 Property shall be, and is hereby deemed to be, transferred, sold and delivered to the transferees free and clear of all liens, claims, defenses, encumbrances, and other interests, pursuant to section 1129 of the Bankruptcy Code and The Washingtonian L.L.C. is directed to execute such Transfer Documents as are

necessary to transfer the 319 Property, including bills of sale, title transfer documents, deeds, and assignments. This provision of the Order shall be self-executing and notwithstanding the failure of the Debtors or any other party to execute, file or obtain releases, termination statements, consents or other instruments to consummate or implement the provisions hereof or the Transfer Documents, all liens, claims, interests and encumbrances of any kind or nature in or against the 319 Property transferred, sold or assigned shall be deemed released. This Order is and shall be effective as a determination that, upon the transfer of the 319 Property, all liens, claims, encumbrances, defenses and other interests existing in and to the 319 Property have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, and that the sale and conveyances described herein have been made free and clear of all such liens, claims, encumbrances, defenses, and interests, with such liens, claims, encumbrances, and interests to attach to the proceeds of the transfers.

13. <u>Executory Contracts and Unexpired Leases</u>. The Executory Contracts and Unexpired Leases set forth in Exhibit B to the Plan are, pursuant to 11 U.S.C. § 365, deemed assumed under the Plan, subject to the Effective Date. No cure or adequate assurance is required. On the Effective Date, the Debtors will be deemed to have rejected any and all other Executory Contracts and Leases that the Debtors executed before the Effective Date to the extent that these agreements constitute executory contracts or unexpired leases under Bankruptcy Code section 365. On the Effective Date, this Order will constitute a Court order approving this rejection pursuant to section 365 of the Bankruptcy Code.

14. <u>Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, the making

and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the refinance of the 1616 Property and the conveyance of the 319 Property, and any deed of trust evidencing any loan obtained to transfer any interest in the Properties, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the transfer, sale or refinance of the Properties or any deeds of trust thereon.

15. <u>Jurisdiction re Case</u>.  The Court shall retain jurisdiction over this case to the extent provided for in the Plan.

16. <u>Effectiveness of this Order</u>.  Any stay of this Order including, but not limited to, approval of the transfer of the Assets provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 4001(a)(3), 6004(h), and 6006(d)) whether for fourteen (14) days or otherwise, is waived so that this Order shall be effective and enforceable immediately upon its entry by the Court.

17. **Injunction:  All injunctions or stays provided for in the Debtors' chapter 11 cases pursuant to §§ 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date.**

**FROM AND AFTER THE EFFECTIVE DATE ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS**

**ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE DEBTORS, THEIR ESTATES, OR ANY OF THEIR PROPERTY ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS: (A) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE; (D) ASSERTING A SETOFF, RIGHT OF SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE TO THE DEBTORS, EXCEPT AS SET FORTH IN ARTICLE V.G. OF THIS PLAN; AND (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN; PROVIDED, HOWEVER, THAT NOTHING CONTAINED HEREIN SHALL PRECLUDE SUCH ENTITIES FROM EXERCISING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THIS PLAN OR THE CONFIRMATION ORDER.**

For the avoidance of doubt, and notwithstanding any other provision contained in the Plan or the Confirmation Order, nothing in the Plan or the Confirmation Order shall release or enjoin the prosecution of any claims or Causes of Action by the Debtors or the Estates.

**WE ASK FOR THIS**:

/s/ *Justin P. Fasano*
Janet M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Debtors*

Copies to:

All entities on the Court's mailing list.