**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) |
| | ) |
| 1716 R Street Flats LLC; | ) Case Nos. 23-00017 to 23-00028-ELG |
| The Z Flats L.L.C.; | ) |
| 1605 17th Street Flats LLC; | ) |
| 1601 17th Place Flats LLC; | ) Chapter 11 |
| 1609 17th Place Flats LLC; | ) (Jointly Administered under |
| The Lauravin Luxury Apt. Homes III L.L.C.; | ) Case No. 23-00017-ELG) |
| The Washingtonian L.L.C.; | ) |
| 1616 27th Street Flats L.L.C.; | ) |
| Lerae Towers II, LLC; | ) |
| The Lerae Towers, LLC; | ) |
| 4220 Ninth Street Flats LLC; | ) |
| 4649 Hillside Road Flats LLC. | ) |
| | ) |
| Debtors and Debtors in Possession | ) This pleading concerns Lerae Towers II, LLC |
| | ) |

## OMNIBUS MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS

**PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES LISTED IN THE MOTION ON EXHIBIT A**

Lerae Towers II, LLC ("Lerae II"), by and through its undersigned counsel, file this Omnibus Motion to Assume and Assign Executory Contracts (the "Motion") and, in support thereof, state as follows:

### Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought with this Motion is predicated upon section 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code").

3. On January 16, 2023 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for bankruptcy relief and protection under chapter 11 of the Bankruptcy Code.

4. No committee of unsecured creditors has been appointed.

5. LeRae II is a District of Columbia limited liability company which owns real estate in the District of Columbia located at 1241 Raum Street, NE, Washington DC 20002, Lot 0214, Square 4055 (the "Property").

6. On September 6, 2023, the Bankruptcy Court approved Lerae Towers II, LLC; and The Lerae Towers, LLC's Third Amended Joint Plan of Reorganization (the "Plan," Docket No. 139) which provides for the transfer of the Property to WCP Fund I LLC in its Capacity as Servicer for SF NU, LLC or its assigns ("WCP"). Because executory contract holders did not have notice of the Plan, the Court deferred on the question of assumption and assignment of leases and executory contracts.

## RELIEF REQUESTED

1. By this Motion, LeRae II seeks authorization to assume and assign three leases and accompanying Housing Assistance Provider Contracts listed on Exhibit A. *See* **Exhibit A** (the "Contracts"). LeRae II further requests that the Contracts be assigned to WCP after closing.

2. Under section 365(a) of the Bankruptcy Code, a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365(b)(1) of the Bankruptcy Code, in turn, codifies the requirements for assuming an unexpired lease or executory contract of a debtor, providing in relevant part that:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

  (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;

  (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

  (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

  3. The standard that is applied in determining whether an executory contract or unexpired lease should be assumed is the debtor's "business judgment" that the assumption is in its economic best interests. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (describing business judgment test as "traditional") (superseded in part by 11 U.S.C. § 1113); *In re III Enters., Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) (citations omitted), aff'd, 169 B.R. 551 (E.D. Pa. 1994). It is well established that courts should approve a debtor's motion to assume or reject an executory contract if the debtor's decision is based on its business judgment. *See Official Comm. for Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.)*, 330 B.R. 67, 75 (Bankr. D. Del. 2005) ("The standard for approving the assumption of an executory contract is the business judgment rule.")

  4. In this case, the contracts which the Debtor wish to assume are the leases which WCP wishes to purchase in connection with the sale. As the contracts will be assigned, the Debtor will no longer incur liability. 11 U.S.C.§ 365(k). The assumption and assignment of these contracts reduces the potential liabilities of the estate and is thus is a valid exercise of business judgment.

5.  A trustee may assign an executory contract or unexpired lease of the debtor if it assumes the agreement in accordance with section 365(a), and provides adequate assurance of future performance by the assignee, whether or not there has been a default under the agreement. 11 U.S.C. § 365(f)(2). The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given a "practical, pragmatic construction." *EBG Midtown S. Corp. v. McLaren/Hart Env. Eng'g Corp. (In re Sanshoe Worldwide Corp.),* 139 B.R. 585, 592 (S.D.N.Y. 1992); *In re Rachels Indus., Inc.*, 109 B.R. 797, 803 (Bankr. W.D. Tenn. 1990); *see also Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("[a]though no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance."). Adequate assurance of future performance may be provided by demonstrating, among other things, the assignee's financial health. *See, e.g., In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (stating that adequate assurance of future performance is present when the prospective assignee of lease from the debtor has financial resources and has expressed willingness to devote sufficient funding to the business in order to give it a strong likelihood of succeeding). In this case, WCP is a well-funded lender which owns, through affiliates, real estate throughout the District of Columbia. WCP is taking title to the Property, leaving Lerae II with no assets. WCP will be able to provide better services than Lerae II, and it is imperative that the assumption and assignment of the Contracts be approved so that it can do so.

## Conclusion

**WHEREFORE,** Lerae II respectfully requests the entry of an Order authorizing the assumption and assignment of the Contracts to WCP and granting such other and further relief as this Court may deem just and proper.

Dated: September 20, 2023          Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (Fed Bar No. MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
Fax: 301-982-9450
jfasano@mhlawyers.com
*Counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this September 20, 2023, a copy of the foregoing was served by CM/ECF on all parties requesting such notice, and by first class mail, postage prepaid to:

Danyalle Summerour
1241 Raum St NE # 3
Washington DC 20002

Najah Brooks
1241 Raum St NE # 2
Washington DC 20002

Ashley Lane
1241 Raum St NE # 4
Washington DC 20002

District of Columbia Housing Authority
c/o Brenda Donald, Executive Director
1133 North Capitol St NE
Washington, DC 20002

/s/ Justin P. Fasano
Justin P. Fasano

**EXHIBIT A**

| Contract Counterparty | Contract to be assumed and assigned | Cure Amount |
|---|---|---|
| Ashley Lane<br>1241 Raum St NE # 4<br>Washington DC 20002 | Residential Lease | $0.00 |
| Danyalle Summerour<br>1241 Raum St NE # 3<br>Washington DC 20002 | Residential Lease | $0.00 |
| District of Columbia Housing Authority<br>c/o Brenda Donald, Executive Director<br>1133 North Capitol St NE<br>Washington, DC 20002 | HAP contract re Ashley Lane | $0.00 |
| District of Columbia Housing Authority<br>c/o Brenda Donald, Executive Director<br>1133 North Capitol St NE<br>Washington, DC 20002 | HAP contract re Danyalle Summerour | $0.00 |
| District of Columbia Housing Authority<br>c/o Brenda Donald, Executive Director<br>1133 North Capitol St NE<br>Washington, DC 20002 | HAP contract re Najah Brooks | $0.00 |
| Najah Brooks<br>1241 Raum St NE # 2<br>Washington DC 20002 | Residential Lease | $0.00 |